UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

- against -

HOWARD THALER and
SALVATORE LOBREGLIO

Defendants.
---------------------------------------------------------

S3 04 Cr. 1204 (CLB)

*Memorandum and Order*

Brieant, J.

By motion filed on February 25, 2005 (Doc. #32), fully submitted on March 24, 2005, Defendant Howard Thaler moves under Fed. R. Crim. P. 12 for an Order: (1) dismissing counts 2,3,4,6,7,8 and 10 of his Indictment for failure to allege materiality, an essential element of the charge; (2) dismissing the Indictment under Fed. R. Crim. P. 7(c)(1) because of the "false" signature of the United States Attorney for the Southern District of New York; (3) striking surplusage from the Indictment under Fed. R. Crim. P. 7(d); (4) granting Mr. Thaler a bill of particulars under Fed. R. Crim. P. 7(f); (5) directing the Government to disclose all *Brady/Giglio* material no later than sixty days before trial; (6) granting pretrial disclosure of all proposed F.R.Evid. 404(b) evidence; (7) directing the Government to produce its witness list; (8) directing the Government to identify the documents it intends to introduce at trial; and (9) directing the Government to provide expert witness notification, if any, no later than sixty days before trial.

Also before the Court is Defendant Salvatore Lobreglio's motion (Doc. #35) under Fed. R. Crim. P. 8(b) to sever Counts Eleven through Fifteen of the Third Superseding Indictment, or in the alternative, to sever these same Counts under Fed. R. Crim. P. 14(a). Government

-1-

opposition papers to both Defendants' motions were filed on March 18, 2005.

Counts 1-10 of the Third Superseding Indictment charge Mr. Thaler with conspiracy to commit mail fraud and wire fraud, and various substantive frauds allegedly committed in connection with real estate transactions. Counts 11-15 of this same Indictment charge both Defendants with conspiracy to obstruct justice and charge either both Defendants together or Mr. Lobreglio alone with various acts of obstruction of justice.

Mr. Thaler argues that Counts 2, 3, 4, 6, 7, 8 and 10 must be dismissed because the Indictment does not allege that the false information was material. The Third Superseding Indictment, returned by a Grand Jury in this District on March 14, 2004, does allege materiality as to Counts 2, 3, 4, 7 and 8, making this motion moot as to those Counts. The Government argues that Counts 6 and 10 do not require materiality because those Counts allege merely the making of false statements, and not fraud. Under 18 U.S.C. § 1010, the critical element of the crime is knowingly making false statements. *See United States v. Bernstein*, 533 F.2d 775, 787 (2nd Cir. 1976). The statute does not require explicitly that these false statements be material. Mr. Thaler argues, however, that the language, "For the purpose of influencing," demonstrates that materiality is required.

The Court is bound by the statute's language, which penalizes any individual who:

> for the purpose of obtaining any loan or advance of credit from any person, partnership, association or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing

and Urban Development for insurance, or for the purpose of obtaining any
extension or renewal of any loan, advance of credit, or mortgage insured by
such Department, or the acceptance, release, or substitution of any security
on such a loan, advance of credit, or for the purpose of influencing in any
way the action of such Department, makes, passes, utters, or publishes any
statement, knowing the same to be false, or alters, forges or counterfeits any
instrument, paper or documents, or utters, publishes, or passes as true any
instrument, paper, or document, knowing it to have been altered, forged or
counterfeited, or willfully overvalues any security, asset, or income. . . .

This statute does not require that a false statement be material. "False statements" or other similar terms, which do not imply "defrauding," do not have a materiality requirement. *See Neder v. United States*, 527 U.S. 1, 23 n.7 (1999) (*citing United States v. Wells*, 519 U.S. 482, 491 (1997)). In *Wells*, the Supreme Court concluded that 18 U.S.C. §§ 1341 & 1343 contained a materiality requirement because they referred to "fraudulent statements." The Supreme Court concluded that 18 U.S.C. § 1014, a statute which also refers to "false statements," and which is similar in language to § 1010, does not contain a materiality requirement.[1] Because § 1010 criminalizes knowingly making false statements, and does not speak to fraud, the Court concludes that materiality is not a required element of the crime.

Mr. Thaler argues that the signature on his Indictment is not David N. Kelley's and therefore his Indictment is improper. The Government concedes that it was signed by Ms. Margery Feinzig, an Assistant United States Attorney who is authorized by law to sign in the place of the United States Attorney for the Southern District of New York, and regularly signs

---

[1] While not binding upon this Court, the United States Court of Appeals for the Eleventh Circuit has applied the Supreme Court's reasoning in *Wells* to conclude that 18 U.S.C. § 1010 does not contain a materiality requirement. *See United States v. De Castro*, 113 F.3d 176 (11th Cir. 1997).

Mr. Kelley's name to indictments and similar documents. Under Fed. R. Crim. P. 7(c), an Indictment must be "signed by an attorney for the government." Mr. Thaler's Indictment was signed "by an attorney for the government." This practice has been followed since long before the writer came to the bench, and is presumed lawful. Mr. Kelley's signature is Mr. Kelley's signature, no matter who signed it.

Mr. Thaler argues next that the language in ¶¶ 1, 6, 17 and 22 of the Indictment which mentions his disbarment is improper surplusage and should be stricken. A motion to strike surplusage from an Indictment is granted only when the challenged language is not relevant to the crime charged and is inflammatory and prejudicial. *See United States v. Mulder*, 273 F.3d 91, 99-100 (2nd Cir. 2001). Evidence that is admissible and relevant to the charge may not be stricken, no matter how prejudicial it may be. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2nd Cir. 1990).

Under the Government's theory of this case, Mr. Thaler's status as an attorney contributed to his ability to commit his frauds, and he continued to represent that he was an attorney, even after he was disbarred. Mr. Thaler's status as a disbarred attorney also gave him an additional motive to obstruct justice. Mr. Thaler was seeking to be reinstated to the Bar. If his frauds were uncovered, he would fail in that effort. He therefore had an additional interest in ensuring that his crimes remained unknown. Mr. Thaler's status also provided opportunity. Allegedly, Mr. Thaler was able to commit his frauds by holding himself out as an attorney. He was able to gain the trust of individuals who assumed that he was acting in his professional

capacity as an attorney. It is possible that some of his dealings would not have occurred if he had not represented that he was an attorney. Also, holding himself out as an attorney when he was in fact disbarred may be evidence of criminal intent. Accordingly, his status is relevant to the crimes charged, and may not be stricken from the Indictment.

The Court does not find at this time, however, that the activity for which Mr. Thaler was disbarred is admissible. If Mr. Thaler chooses to testify on his own behalf, these reasons would be admissible impeachment evidence. They would also be admissible if Mr. Thaler calls character witnesses on his behalf, or if he opens the door in any other way. The Government, however, may not use this evidence under Fed. R. Evid. 404 without showing a proper purpose for its use, and not without prior Court approval.[2]

Mr. Thaler requests a bill of particulars. A bill of particulars is not evidence. It informs the Defendant of charges with sufficient clarity to allow preparation of a defense, avoid unfair surprise, and preclude double jeopardy. *See United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2nd Cir. 1991). The prosecution does not need to present all of its evidence. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). A bill of particulars is not necessary if the information sought is present within the Indictment or provided in other suitable forms, such as discovery. *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987). A bill of

---

[2]It is likely that this evidence might be admissible as a prior similar act. According to the opinion of the New York Appellate Division, Second Department, disciplinary charges 2,3,5,6,7,9,and 10 stemmed from improper conduct involving of real estate transactions, as well as the making of false and misleading statements and obstructing the Grievance Committee's investigation. *See In Re Thaler*, 243 A.D.2d 40 (2d Dep't 1998).

particulars is required only if the Indictment is so general that the Defendant is not advised of the specific acts of which he is charged, see *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990), and a bill of particulars is not used to provide evidentiary details. *See id.*

The Indictment in this case describes the various loans alleged to have been secured through fraud, as well as the time-periods in which Mr. Thaler's fraudulent actions occurred pertaining to each loan. The Government is not required to disclose its evidence to the Defendant prior to trial, *see Torres, 901 F.2d at 234; United States v. Lebron*, 222 F.2d 531, 535-36 (2nd Cir. 1955), and Mr. Thaler cannot use a bill of particulars as a mechanism to fish for evidence to which he is not entitled at this time. The Government has answered many of Mr. Thaler's questions on page twenty-two of its opposition brief, and when combined with the Government's "reverse proffer" session and discovery, Mr. Thaler will not be surprised at trial. Accordingly, Mr. Thaler's request for a Bill of Particulars is denied as unnecessary.

Mr. Thaler requests that the Court order the Government to disclose all *Brady/Giglio* material at least 60 days prior to trial. No requirement exists for such an Order. Due Process requires merely that exculpatory and impeachment evidence be disclosed in sufficient time to be used effectively at trial by the defense. *See United States v. Coppa*, 267 F.3d 132, 142 (2nd Cir. 2001). As Mr. Thaler concedes, the duty to disclose is upon the prosecutor, who must gauge the likely effect of exculpatory and impeachment evidence and disclose such evidence at the appropriate time. That is the rule of *Brady v. Maryland*, 373 U.S. 83 (1963) as expressed in *United States v. Bagley*, 473 U.S. 667 (1985), and it remains binding upon this Court until such

time as the Supreme Court itself expressly overrules its prior decisions. *See Hohn v. United States*, 524 U.S. 236, 252-53 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubt about their continuing vitality."). The Government agrees to produce the 3500 and *Giglio* material on the Friday prior to the commencement of trial if Mr. Thaler makes reciprocal disclosure at the same time, and the Court concludes that this agreement is appropriate.

Mr. Thaler requests that the Government disclose its witness list. Fed. R. Crim. P. 16 does not require the Government to produce the names and addresses of its witnesses. *See United States v. Bejasa*, 904 F.2d 137, 139 (2nd Cir. 1990). The need for disclosure must be balanced against the risks of disclosure, such as intimidation of witnesses and subornation of perjury. *See United States v. Cannone*, 528 F.2d 296, 301 (2nd Cir. 1975). Mr. Thaler has not made a specific showing that he needs the witness list in order to prepare his defense fully. His arguments of convenience would apply with equal force to nearly all criminal defendants. Accordingly, this request is denied.

Mr. Thaler requests that the Government's 404(b) evidence be produced thirty days prior to trial. The Government plans to offer evidence of Mr. Thaler's disbarment and the reasons for it, and argues that no requirement exists that such evidence be disclosed a month prior to trial. As stated above, it is not clear at this time whether the reasons for his disbarment will be admissible. The fact that he was disbarred is admissible, but the reasons for it may not be independently admissible in the absence of a proper Rule 404(b) showing. As no requirement

exists that such evidence be disclosed a month prior to trial, Mr. Thaler's request is denied.

Mr. Thaler next argues that the Government should identify those documents it will introduce at trial. The Government argues, and the Court accepts its representation, that this is unnecessary because it has already identified those documents which it intends to use during trial. Finally, Mr. Thaler requests that the Court order the Government to provide expert witness notification at least sixty days prior to trial. As Mr. Thaler concedes, Fed. R. Crim. P. 16 does not provide expressly for the timing of expert witness notification. The Government states that it has no present intention of offering any expert evidence, but will disclose such evidence timely if it decides to offer such. At this time, Mr. Thaler's request is denied.

Mr. Lobreglio requests that Counts 11 through 15 be severed under Fed. R. Crim. P. 8(b) because there is nothing in those counts that involves the same act or series of acts as Counts 1-10. If the Court declines to sever under Fed. R. Crim. P. 8(b), Mr. Lobreglio requests that they be severed under Fed. R. Crim. P. 14(a) because the charges brought against Mr. Thaler are not relevant to those brought against him and would prejudice Mr. Lobreglio unduly.

Fed. R. Crim. P. 8(b) allows the joinder of a defendant who is not named in all counts of the indictment, and provides that two or more defendants may be charged in one indictment if they are alleged to have participated in the same act or series of acts. *See United States v. Barton*, 647 F.2d 224, 239 (2nd Cir. 1981). Counts 11-15 do not involve the same crimes as Counts 1-10, but it is incorrect to argue that they do not involve the same series of acts or

transactions. Counts 1-10 charge Mr. Thaler with conspiracy and various substantive counts of fraud. Counts 11-15 charge both Defendants with conspiracy to obstruct justice as well as various acts of obstruction to ensure that the fraud described in Counts 1-10 was not discovered. This case is similar to *Barton*, *647 F.2d at 240*, in which our Court of Appeals concluded that Count 14 of the Indictment in that case, which charged the defendant with obstruction of justice, was integrally related to Counts 11 and 12, which charged other defendants with unlawful possession of explosives, and that Counts 11, 12 and 14 were all part of the same series of events. Even though Mr. Lobreglio is not alleged to have been involved personally in any conspiracy or substantive fraudulent act in Counts 1-10, his obstruction charges are still integrally related to Mr. Thaler's alleged fraud because his obstruction was intended to allow Mr. Thaler's acts to go undetected. Accordingly, joinder is proper under Fed. R. Crim. P. 8(b).

Defendants who have been joined properly under Fed. R. Crim. P. 8(b) may be severed under Fed. R. Crim. P. 14 only if a joint trial "would compromise a specific trial right of one of the Defendants, or would prevent the jury from making a reliable judgment about guilt or innocence." *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). The party seeking a severance must demonstrate "prejudice so severe as to amount to a denial of a constitutionally fair trial." *See United States v. Serpoosh*, 919 F.2d 835, 37 (2nd Cir. 1990). Also, considerations of efficiency and consistency weigh in favor of trying jointly defendants who were indicted together. *See United States v. Feyrer*, 333 F.3d 110, 114 (2nd Cir. 2003). Severance does not need to be granted merely because different proof will be offered. *See United States v. Carson*, 702 F.2d 351, 366-67 (2nd Cir. 1983) ("[D]iffering levels of culpability and proof are inevitable

in any multi-defendant trial, and, standing alone, are insufficient grounds for separate trials."). Even a situation where one defendant is significantly more culpable than another does not violate the Constitution. *See United States v. Locasio*, 6 F.3d 924, 947 (2nd Cir. 1993). Finally, a limiting instruction in a jury charge can eliminate prejudicial spillover. *See United States v. Miller*, 116 F.3d 641, 679 (2nd Cir. 1997).

As our Court of Appeals has recognized, evidence relating to an underlying scheme, in this case fraud, is often relevant to prove motive to obstruct justice. *See United States v. Weiss*, 491 F.2d 460, 467 (2nd Cir. 1974); *United States v. Granello*, 365 F.2d 990, 995 (2nd Cir. 1966) ("The evidence of joint action by two defendants was sufficient to have permitted the Government to introduce at separate trials the same proof that it offered at the joint one...."). The two Defendants conspired together allegedly, and are alleged to have acted together at least once to obstruct justice, and their actions were part of a common chain of events originating with Mr. Thaler's fraud. The evidence relating to Mr. Thaler's crimes will be discussed at Mr. Lobreglio's trial in order to prove why Mr. Lobreglio committed his alleged crimes, subject to any objection under Fed. R. Evid. 403. This will occur whether Mr. Lobreglio is tried with Mr. Thaler or separately. Also, Mr. Lobreglio did not obstruct justice in a vacuum. The Government's proof will consist of conversations between the Defendants, and these conversations will mention Mr. Thaler's actions. This evidence will be heard by the jury in considering Mr. Lobreglio's charges even if he is tried separately. Any potential prejudice against Mr. Lobreglio will not be reduced significantly by having separate trials, and the jury is capable of obeying the Court's limiting instruction that Mr. Lobreglio has not been charged with

either conspiracy or any of the substantive acts of fraud listed in Counts 1-10. Such a jury instruction would be sufficient to remedy any possible prejudice to Mr. Lobreglio. *See United States v. Langella*, 776 F.2d 1078, 1081 (2nd Cir. 1985).

## Conclusion

The Defendants' motions are denied. The final day for any Defendant to accept responsibility is April 21, 2005. The Defendants have a jury selection date on May 2, 2005 at 9:15 A.M.

SO ORDERED.

Dated: White Plains, New York
       April 14, 2005

*Charles Brieant*
Charles L. Brieant, U.S.D.J.